UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICHARD ROE,

                Plaintiff,

         -against-

JOHN DOES 1–11,

                Defendants.
-----------------------------------------------------------------X

**ORDER**
20-CV-3788-MKB-SJB

**BULSARA, United States Magistrate Judge:**

In this action against unnamed and unknown defendants, John Does 1–11 ("Defendants"), Richard Roe ("Plaintiff") moves to proceed under a pseudonym or, in the alternative, to seal the case. (Pl.'s Mot. to Proceed Under Pseudonym and to Omit Identifying Information, or in the Alternative, Mot. to Seal dated Aug. 19, 2020 ("Mot."), Dkt. No. 2). For the reasons discussed below, Plaintiff's motion is denied.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an individual residing in Brooklyn, New York. (Verified Compl. dated Aug. 19, 2020 ("Compl."), Dkt. No. 1 ¶¶ 2, 10). He "is an executive coach, consultant, entrepreneur[,] and non-profit director who primarily" works from his residence. (*Id.* ¶ 10). Plaintiff alleges that Defendants have "conducted a systematic campaign of anonymously contacting" professional organizations with which Plaintiff is involved to report instances of sexual harassment and assault by Plaintiff or to divulge similar allegations concerning Plaintiff. (*Id.* ¶¶ 11–12, 17, 26–29, 31–32, 35–36, 40). Plaintiff claims that he was terminated or dissociated from such organizations, (*id.* ¶¶ 23, 30), and lost "substantial" income, (*id.* ¶¶ 24, 33), as a result of Defendants' conduct.

On August 19, 2020, Plaintiff commenced this action against Defendants John Does 1–11, whom Plaintiff believes are not residents of New York but about whom he has "limited identifying information." (*Id.* ¶¶ 4, 41). Plaintiff seeks compensatory, special, and punitive damages for defamation, tortious interference with prospective economic advantage, and intentional infliction of emotional distress; a retraction of all allegations made against him; and costs of the suit. (*Id.* ¶¶ 48–81).

Plaintiff moves to proceed under a pseudonym or, in the alternative, for the case to continue under seal. (Mot.). For the reasons stated below, the Court denies Plaintiff's motion.

## DISCUSSION

A. <u>Motion to Proceed Under A Pseudonym</u>

A "complaint must name all the parties." Fed. R. Civ. P. 10(a). Rule 10(a) "serves the vital purpose of facilitating public scrutiny of judicial proceedings," and "[t]his requirement, though seemingly pedestrian, . . . cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 188–89 (2d Cir. 2008). Permitting a party to proceed under a pseudonym is the "exception." *Rives v. SUNY Downstate Coll. of Med.*, No. 20-CV-621, 2020 WL 4481641, at *2 (E.D.N.Y. Aug. 4, 2020) (quoting *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam)). A party seeking to proceed anonymously must sufficiently refute "the presumption of disclosure." *Id.* (quoting *Pilcher*, 950 F.3d at 45).

The Second Circuit established the following non-exhaustive standard, which balances "the interests of both the public and the opposing party," to determine whether a party should be allowed to proceed under a pseudonym:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 189–90 (alterations in original) (quotations and citations omitted). When Plaintiff has not sufficiently shown that a factor weighs in favor of proceeding anonymously, the Court will deem that factor as weighing against him. *See, e.g.*, *A.B. v. C.D.*, No. 17-CV-5840, 2018 WL 1935999, at *2–3 (E.D.N.Y. Apr. 24, 2018); *Doe v. Solera Cap. LLC*, No. 18-CV-1769, 2019 WL 1437520, at *4–8 (S.D.N.Y. Mar. 31, 2019), *reconsideration denied*, 2019 WL 5485210 (Oct. 25, 2019).

    1.    <u>First Factor</u>

The first factor is "whether the litigation involves matters that are highly sensitive and [of a] personal nature." *Sealed Plaintiff*, 537 F.3d at 190 (alteration in original) (quotation omitted). Plaintiff argues that Defendants' accusations of "nonconsensual harassment, sexual advances, and rape" are "highly sensitive." (Mem. in Supp. of Mot. dated Aug. 19, 2020 ("Mem."), attached to Mot., Dkt. No. 2 at 3). Other courts have found matters of sexual harassment and assault are highly sensitive, and the Court

3

agrees that this litigation implicates similar concerns. *See C.D.*, 2018 WL 1935999, at *2 (in defamation suit, finding "the litigation here involves matters that are of a highly sensitive and personal nature, as the case relates—in part—to allegations of sexual harassment and misconduct"); *A.B. v. Hofstra Univ.*, No. 17-CV-5562, 2018 WL 1935986, at *2 (E.D.N.Y. Apr. 24, 2018) (same). This first factor weighs in favor of Plaintiff.

    2.    <u>Second Factor</u>

The second factor considers "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties." *Sealed Plaintiff*, 537 F.3d at 190 (alterations in original). Plaintiff contends that he "will continue to suffer damage to his reputation and livelihood as an executive coach, consultant, and non-profit director until the Defendants end their anonymous campaign against" him. (Mem. at 3). Further, Plaintiff suggests that third-party companies are also suffering because they are unwilling to hire Plaintiff after they hear Defendants' allegations. (*Id.*)

Plaintiff's arguments fall short. Plaintiff has not alleged he will suffer any physical harm. Nor has he alleged mental harm.[1] He contends that he will be embarrassed and potentially lose additional clients or business. But in evaluating the second *Sealed Plaintiff* factor, courts do not credit potential embarrassment or economic injury. *Solera Cap. LLC*, 2019 WL 1437520, at *4 ("In contrast to evidence of actual physical harm, courts have found that evidence of embarrassment, social

---

    [1] In connection with a different *Sealed Plaintiff* factor, Plaintiff states he has "sought help from a licensed psychotherapist for relief of panic attacks, anxiety, depression[,] and insomnia" resulting from Defendants' actions. (Mem. at 5–6). But he has not alleged or argued this harm would also result from identification in the lawsuit.

4

stigmatization, and economic harm provides an insufficient basis for proceeding anonymously.").

The Court finds the second factor weighs against Plaintiff.

### 3. Third Factor

Under the third *Sealed Plaintiff* factor, the Court considers "whether identification presents other harms and the likely severity of those harms." *Sealed Plaintiff*, 537 F.3d at 190 (quotation omitted). Economic injury is recognized under this factor. *See, e.g., id.* However, such injury cannot be speculative. *Rives*, 2020 WL 4481641, at *3 ("While petitioner also suggests that anonymity is warranted because he would suffer . . . harm to [his] career, from the disclosure of his identity, that contention appears speculative on this record." (alterations in original) (quotations and citations omitted)). Courts should also "consider whether the plaintiff commenced suit in order to prevent the type of injury that disclosure of [his] identity would cause." *Solera Cap. LLC*, 2019 WL 1437520, at *5.

Plaintiff contends that denying anonymity would "amplify" the "substantial embarrassment, . . . tarnished professional reputation[,] and professional and monetary losses" he has already faced. (Mem. at 4). Outside of this conclusory statement, Plaintiff provides no details or specifics about how this lawsuit would cause him additional harm beyond that he has already suffered or continues to suffer. Presumably in defaming Plaintiff, Defendants are using Plaintiff's actual name with the third parties, and Plaintiff has not explained the nature of any additional harm beyond what he is already suffering if forced to use his actual name in litigation. He also has provided no specifics about the third parties or the quantum of his monetary losses to date. Absent such specifics, his alleged economic injury is little more than speculation. *See, e.g.*,

5

*Rives*, 2020 WL 4481641, at *3; *Vega v. HSBC Sec. (USA) Inc.*, No. 16-CV-9424, 2019 WL 2357581, at *2 (S.D.N.Y. June 4, 2019) (deeming plaintiff's concerns about the impact of proceeding under his current legal name would have on potential employment "speculative and baseless").

Therefore, the third *Sealed Plaintiff* factor counsels against anonymity.

4. Fourth Factor

The fourth factor is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age." *Sealed Plaintiff*, 537 F.3d at 190 (citation omitted). Plaintiff admits that this factor does not weigh in his favor, (Mem. at 6), and the Court agrees. Thus, this factor cuts against proceeding anonymously. *C.D.*, 2018 WL 1935999, at *3; *Hofstra Univ.*, 2018 WL 1935986, at *3; *Solera Cap. LLC*, 2019 WL 1437520, at *6.

5. Fifth Factor

The Court next examines "whether the suit is challenging the actions of the government or that of private parties." *Sealed Plaintiff*, 537 F.3d at 190. A suit between private parties counsels against allowing a party to proceed under a pseudonym because "[p]rivate civil suits create strong interests in open proceedings given that such suits implicate legal and social norms." *Solera Cap. LLC*, 2019 WL 5485210, at *7 (quotation omitted). Here, the suit is between individuals, and therefore, the fifth factor weighs against Plaintiff.

6. Sixth Factor

The sixth *Sealed Plaintiff* factor is "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any

6

prejudice can be mitigated by the district court." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff contends "the Defendants are aware of the Plaintiff's true identity, so proceeding with a pseudonym does not prejudice the Defendants." (Mem. at 4).

This argument misapprehends this factor. Here, courts must consider whether permitting a plaintiff to proceed anonymously would frustrate a defendant's ability to participate in the case, whether it would cause reputational injury to the defendant, and whether it would undermine principles of fundamental fairness. *See Doe v. Townes*, No. 19-CV-8034, 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020); *Solera Cap. LLC*, 2019 WL 1437520, at *7 (finding "no prejudice to [defendant's] ability to conduct discovery or try the matter if plaintiff were to proceed under a pseudonym where the defendants already know the plaintiff's name" (alteration in original) (quotation omitted)); *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 407 (S.D.N.Y. 2019).

Because Defendants know Plaintiff's name, allowing Plaintiff to proceed under a pseudonym would not likely impede Defendants' ability to investigate Plaintiff's allegations or to conduct initial discovery. But courts have also considered the later stages of a case and recognized the danger that cross-examination of an anonymous plaintiff could be compromised and the risk that a jury would not be able to properly assess the credibility of a plaintiff proceeding under a pseudonym. *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015) ("A witness who proceeds under her own name and is subject to potentially rigorous cross-examination may feel more inhibited than a pseudonymous witness from fabricating or embellishing an account. Moreover, the jury, armed with greater information about Doe and her professional and personal standing, will be better equipped to assess her credibility and her asserted motives for accusing Delta of battery. . . . Finally, allowing Doe to proceed

7

pseudonymously would run a risk of giving her claims greater stature or dignity before, or otherwise confusing or distracting, the jury."), *aff'd*, 672 F. App'x 48 (2d Cir. 2016). Allowing a plaintiff to proceed anonymously may also hamper witnesses coming forward of their own volition to either bolster or refute a plaintiff's allegations. *Id.* ("It is conceivable that witnesses, upon the disclosure of Doe's name, will step forward [at trial] with valuable information about the events or the credibility of witnesses. . . . Conceivably, full disclosure of Doe's identity may lead others to come forward with information relevant to this claim[.]" (alteration in original) (quotation and citation omitted)). These issues are present in this case, and Plaintiff has offered no means to cure these infirmities.

Further, allowing Plaintiff to proceed anonymously while Defendants are not granted such protection could cause embarrassment and stigma to Defendants and undermine principles of fundamental fairness. "Information and allegations that are highly sensitive and of a personal nature can flow both ways." *Skyline Autos. Inc.*, 375 F. Supp. 3d at 407; *see also Anonymous v. Simon*, No. 13-CV-2927, 2014 WL 819122, at *2 (S.D.N.Y. Mar. 3, 2014) (finding defendant "unfairly prejudice[d]" where "Plaintiff's allegations and public comments embarrass Defendant and place him under the same stigma that concerns Plaintiff," where plaintiff alleged she had contracted a sexually transmitted infection from the defendant). "There is prejudice against a defendant when a defendant is 'required to defend itself publicly before a jury while plaintiff could make [his] accusations from behind a cloak of anonymity.'" *Townes*, 2020 WL 2395159, at *5 (quoting *Delta Airlines, Inc.*, 310 F.R.D. at 225).

Plaintiff argues that the case's subject matter is of a "highly sensitive and personal nature," (Mem. at 3 (quotation omitted)), and fairness requires him to be

8

permitted to proceed anonymously. To be sure, this Court, as do others, recognizes that allegations of sexual assault and harassment are highly sensitive. *See, e.g.*, *C.D.*, 2018 WL 1935999, at *2. Yet, under Plaintiff's proposal, he would have Defendants publicly, under their real names, defend against allegations that they falsely reported incidents of sexual harassment and sexual assault, while Plaintiff would proceed anonymously. That is, Plaintiff does not propose that Defendants, alleged victims of sexual assault and harassment, should also be able to proceed anonymously, but instead seeks additional discovery so that he may be able to name Defendants publicly. (Mot. for Leave to Take Disc. Prior to Rule 26(f) Conference dated Aug. 19, 2020, Dkt. No. 3). Courts in this Circuit have *denied* motions to proceed anonymously made by *victims* of sexual assault, despite the hardship such an order imposes and the sensitivity around allegations of assault. *See, e.g.*, *Doe v. Weinstein*, No. 20-CV-6240, 2020 WL 5261243, at *3 (S.D.N.Y. Sept. 3, 2020) ("Courts in this district have explained that 'allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym.'" (quoting *Skyline Autos. Inc.*, 375 F. Supp. 3d at 405)). The Court cannot see how it would be equitable or consistent with these cases to permit Plaintiff to proceed under a pseudonym when victims of sexual assault and harassment are not generally permitted to do so. In other words, Plaintiff's fairness argument is inconsistent with the general trend to disfavor anonymity in sexual assault-related civil cases. And he compounds this unfairness by seeking to unmask Defendants, while he proceeds incognito.

Therefore, the Court finds that the sixth factor counsels against anonymity.

7. Seventh Factor

The Court then considers the seventh factor, "whether the plaintiff's identity has thus far been kept confidential." *Sealed Plaintiff*, 537 F.3d at 190. If a plaintiff has been named in another case or publicly connected with the facts underlying the suit, courts will find this factor cuts against proceeding anonymously. *See, e.g.*, *C.D.*, 2018 WL 1935999, at *3. Plaintiff argues that his identity has been kept confidential. (Mem. at 5). While Plaintiff has not been named in another case, the Court notes that a defamation action by its very definition involves disclosure to a third party. *Menaker v. C.D.*, No. 17-CV-5840, 2018 WL 5776533, at *3 (E.D.N.Y. Nov. 1, 2018) ("To state a claim for defamation under New York law, the plaintiff must allege (1) a false statement about the plaintiff; (2) *published to a third party without authorization or privilege*; (3) through fault amounting to at least negligence on the part of the publisher; (4) that either constitutes defamation per se or caused special damages." (emphasis added) (quoting *Burton v. Label, LLC*, 334 F. Supp. 3d 680, 699 (S.D.N.Y. 2018))). Here, Plaintiff alleges that Defendants made multiple false statements about Plaintiff to third-party companies with which he associated. (Compl. ¶¶ 11–12, 17, 26–29, 31–32, 35–36, 40). And Plaintiff has not alleged that such communications or identification have been non-public. Defendants' alleged accusations, however, appear to have been made online, suggesting that the audience was limited to those having access to the companies' electronic communications.[2] (*Id.*). There does not appear to have been

---

[2] Other defamation cases in which a plaintiff has moved to proceed anonymously have similarly considered the *degree* of public disclosure that has already occurred. *See, e.g.*, *Doe #1 v. Syracuse Univ.*, No. 18-CV-496, 2018 WL 7079489, at *8 (N.D.N.Y. Sept. 10, 2018) (finding that even though the plaintiffs were visible in an online video and that the defendants had made a public statement about the video, identification of the

10

broad public disclosures of Plaintiff's identity. The Court thus finds that this factor is neutral.

> 8. Eighth Factor

The eighth *Sealed Plaintiff* factor is "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff asserts that he "will likely not bring the case at all due to fear of retaliatory action" if he is unable to proceed by pseudonym. (Mem. at 5). Further, Plaintiff contends that "[t]he public has an interest in knowing that injustices, such as the one that the Plaintiff has and continues to suffer, are occurring. The public has a further interest in seeing that those perpetrating privacy invasions, especially anonymously on the Internet, are held liable for the harms that result." (*Id.*) Plaintiff further contends that, although "[c]ourts have often found allegations of harm insufficient where plaintiffs have complained that proceeding publicly would cause embarrassment, humiliation, and economic harm," (*id.*), the "extreme emotion distress" he has suffered makes his case "exceptional," (*id.* at 5–6).

Plaintiff's arguments fail to address this factor: that the public has an interest in open judicial proceedings. A foundational principle of federal courts "is a fundamental belief that the public has a right to know who is using the courts and for what general purpose." *Solera Cap. LLC*, 2019 WL 5485210, at *2 (citing *Sealed Plaintiff*, 537 F.3d at 189). Plaintiff does not explain how the interest he identified—reducing or deterring false allegations of assault—counsels against, rather than in favor, the public's interest in having such claims adjudicated with knowledge of his identity. *See Rives*, 2020 WL

---

plaintiffs "extends to the people who already know or recognize plaintiffs"), *report and recommendation adopted*, 2020 WL 2028285 (Apr. 28, 2020).

4481641, at *3 ("[P]eople have a right to know who is using their courts[.]" (alteration in original) (quoting *Sealed Plaintiff*, 537 F.3d at 189)).

Instead of examining how the public's interest would be affected, Plaintiff states that he would be reluctant to bring the case if he were not allowed to do so anonymously. (Mem. at 5). To the extent that his stated goal of deterring false accusations is appropriate and achievable through this litigation, it counsels against granting Plaintiff anonymity, not in favor of it. It is true that "[p]rivate civil suits, individually and certainly in the aggregate, do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms." *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006). If Plaintiff is truly concerned and interested in deterrence, such a goal is not advanced in civil litigation by permitting anonymous prosecution. It is instead advanced through a full and complete public airing of the facts and claims. And as explained *supra*, anonymity often hinders the fact-finding process.

"Further, where individual defendants are sued based not on abstract challenges to public policies but rather with regard to particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *Del Rio*, 241 F.R.D. at 159. For example, to the extent that Plaintiff's claims are without merit, given that he is alleging that Defendants have lied, there is certainly a countervailing public interest in knowing the Plaintiff's identity. "[I]n civil cases involving potentially damaging allegations about a defendant's conduct, basic fairness requires that plaintiffs disclose their real names." *Solera Cap. LLC*, 2019 WL 5485210, at *2 (quotation omitted).

The Court is loath to allow an individual accused of sexual assault and sexual harassment to sue his accusers from behind a veil of anonymity, while seeking to out and name his accusers.[3] Requiring Defendants to defend against Plaintiff's allegations that they lied about instances of sexual assault and sexual harassment may inflict extreme distress, embarrassment, and reputational harm on Defendants and could further deter other similarly situated individuals from reporting sexual abuse. Therefore, this factor weighs against Plaintiff.

### 9. Ninth Factor

The ninth factor is "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities." *Sealed Plaintiff*, 537 F.3d at 190 (quoting *Del Rio*, 241 F.R.D. at 157). Plaintiff argues that this factor cuts in his favor because "[k]nowledge of the Plaintiff's name will not put anyone on notice or help protect them from the Defendants." (Mem. at 6). But Plaintiff's claims of alleged defamation and tortious interference with prospective economic advantage—based on allegations of sexual assault by numerous individuals—are inherently grounded in facts, and are not easily resolved on the basis of legal principles alone. Therefore, the issues are not purely legal, and this factor also weighs against the Plaintiff. *See, e.g., C.D.*, 2018 WL 1935999, at *3.

---

[3] Some courts have allowed student plaintiffs accused of sexual assault to proceed anonymously in suits against their respective universities given the ages of students involved and the university context. *See, e.g., Doe v. Colgate Univ.*, No. 15-CV-1069, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) (collecting cases). These cases, which are brought against colleges and universities, not victims of assault (and none of which are relied on by Plaintiff), provide little guidance to the present litigation.

10. <u>Tenth Factor</u>

Finally, the Court considers the tenth *Sealed Plaintiff* factor, "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff identifies no alternative mechanisms. (Mem. at 6). This factor is therefore against Plaintiff.

Considering the totality of the factors and the weight of Plaintiff's evidence, the Court finds that Plaintiff is not entitled to proceed under a pseudonym. *See, e.g., Solera Cap. LLC*, 2019 WL 1437520, at *8, *12; *C.D.*, 2018 WL 1935999, at *2–3; *Skyline Autos. Inc.*, 375 F. Supp. 3d at 408.

\*         \*         \*         \*

"[B]ecause of the presumption of openness with regard to American judicial proceedings, federal courts generally have been rather rigorous in not allowing the plaintiff to commence an action anonymously or to proceed under a pseudonym." 5A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 1321 (4th ed. 2020). The Court finds it highly persuasive that Plaintiff fails to and is unable to cite a single case in which a plaintiff, suing for defamation and alleging he was falsely accused of sexual assault, was allowed to proceed anonymously against the victim of the purported assault. In fact, in other cases in this District, such plaintiffs have proceeded under their own names. *See, e.g., Elliott v. Donegan*, --F. Supp. 3d--, No. 18-CV-5680, 2020 WL 3545155, at *1–2 (E.D.N.Y. June 30, 2020).

B.   <u>Motion to Seal Case</u>

In the alternative, Plaintiff moves to seal the case, but he provides no argument or evidentiary support for this motion. (Mem. at 7). "Thus, the presumptive right of

access prevails unless it is overcome by 'specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.'" *Newsday LLC v. County of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) (quoting *Lugosch v. Pyramid Co.*, 425 F.3d 110, 124 (2d Cir. 2006)). Having failed to make the required showing, Plaintiff's motion to seal the case is denied. *See, e.g.*, *N.M.I. v. Sadowski*, No. 15-CV-856, 2015 WL 1198381, at *1 (E.D.N.Y. Mar. 16, 2015); *Next Caller Inc. v. Martire*, 368 F. Supp. 3d 663, 667 (S.D.N.Y. 2019).[4]

## CONCLUSION

Plaintiff's motion to proceed under a pseudonym or, in the alternative, to seal the case is hereby denied. Because Rule 10(a) requires Plaintiff to proceed using his real name, he shall file an Amended Complaint so doing by October 21, 2020. Alternatively, he may file a Rule 41 notice of dismissal. Should he fail to take either of these actions, the Clerk of Court will be directed to close the case because the current Complaint violates Rule 10.

SO ORDERED.

*/s/ Sanket J. Bulsara* October 14, 2020
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

---

[4] In light of the fact that the Court has denied Plaintiff's motion to seal and that the Complaint and motions on the Docket refer to Plaintiff solely as "Richard Roe," the Court concludes it is inappropriate to seal this Order or the Docket as a whole. The Court directs the Clerk of Court to unseal Docket Nos. 1–4.