UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THOMAS KORULA,

                      Plaintiff,                            **ORDER**
                                                                            20-CV-3788-MKB-SJB

    *v.*

JOHN DOES 1–13,

                      Defendants.
-----------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

      This defamation action was commenced by Plaintiff Thomas Korula ("Plaintiff") against multiple unnamed "John Doe" Defendants (the "Doe Defendant(s)"), who remain anonymous.  Presently before the Court is a motion for expedited discovery under Federal Rule of Civil Procedure 26(d)(1), seeking permission to serve subpoenas upon Comcast Cable Communications, Inc. ("Comcast") to obtain the true identities of the Doe Defendants.

      The Court concludes that good cause exists to allow for the expedited discovery.  Accordingly:

      **IT IS ORDERED** that Plaintiff may serve a subpoena in compliance with Fed. R. Civ. P. 45 (the "Subpoena") on Comcast to obtain only the name and address of the internet subscriber associated with the IP addresses also identified therein.  Under no circumstances is Plaintiff permitted to seek or obtain any Doe Defendant's phone number or email address, or to seek or obtain information about potential defendants other than those whose IP addresses are specifically identified in the Subpoena, without a further Court order.  Each such Subpoena shall have a copy of this Order attached; and

      **IT IS FURTHER ORDERED** that, upon receiving a Subpoena, Comcast shall use reasonable efforts to identify the internet subscriber(s) associated with the referenced IP

address, but shall not immediately disclose such information to Plaintiff. Rather, within 60 days of receiving a Subpoena, Comcast shall serve a copy thereof, together with a copy of this Order, upon the subscriber(s) it determines to be associated with the implicated IP address. This measure is appropriate to place the subscriber(s) on fair notice of Plaintiff's efforts to obtain his or her identifying information, and his or her rights to contest the Subpoena or litigate it anonymously. In this regard, service by Comcast upon the Doe Defendants may be made using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class or overnight mail; and

**IT IS FURTHER ORDERED** that a Doe Defendant who receives copies of the Subpoena and this Order will have a period of 60 days to file any motions with this Court contesting the Subpoena (including a motion to quash or modify the Subpoena), as well as any request to litigate the Subpoena anonymously. Comcast may not disclose any Doe Defendant's identifying information to Plaintiff, or its employees or agents, at any time before the expiration 60-day period. Additionally, if a Doe Defendant or Comcast files a motion to quash the Subpoena, Comcast may not turn over any information to Plaintiff, or its employees or agents, until the issues set forth in the motion have been addressed and the Court issues an Order instructing Comcast to resume in turning over the requested discovery; and

**IT IS FURTHER ORDERED** that if the 60-day period within which a Doe Defendant may contest or otherwise move with respect to a Subpoena lapses without such action, Comcast will have a period of 10 days to produce the information responsive to the Subpoena to Plaintiff or file its own motion to quash if it so chooses. In the event a Doe Defendant or Comcast moves to quash or modify a Subpoena, or to proceed anonymously, he or she shall at the same time as his or her filing also notify Comcast so that Comcast is

on notice not to release the Doe Defendant's contact information to Plaintiff, or its employees or agents, until the Court rules on any such motion; and

**IT IS FURTHER ORDERED** that Comcast, upon receiving a Subpoena, shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested therein.  If Comcast elects to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff; and

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Plaintiff in response to the Subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in the Subpoena; and

**IT IS FURTHER ORDERED** that until such further Order of the Court, each case identified in the caption above shall be litigated in the name of a "John Doe" defendant, regardless of what information is ultimately disclosed pursuant to the Subpoena.

SO ORDERED.

*/s/ Sanket J. Bulsara* May 11, 2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York